UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:24-cr-00125-LK |
| Plaintiff, | ORDER ON UNITED STATES' MOTION TO SEAL |
| v. | |
| JESUS BAEZ BAEZ et al., | |
| Defendant. | |

This matter comes before the Court on the United States' motion to seal Exhibits 1 and 2 to the Government's sentencing memorandum. Dkt. No. 96; *see also* Dkt. Nos. 97, 97-1 (Exhibits 1 & 2). The Government seeks to seal these exhibits because they contain "sensitive law enforcement documents that must be kept secret from public access." Dkt. No. 96 at 2. Defendant Jesus Baez Baez did not file an opposition to the motion.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

ORDER ON UNITED STATES' MOTION TO SEAL - 1

U.S. 589, 597 & n.7 (1978)). Despite the public's presumptive right of access to documents in criminal proceedings, a document may remain under seal "when (1) sealing a document serves a compelling interest, (2) that is substantially likely to be harmed if the document is not sealed, and (3) there are no less restrictive alternatives for protecting the interest." *United States v. Parson*, No. 3:15-cr-05262-DGE, 2022 WL 558221, at *2 (W.D. Wash. Feb. 24, 2022) (citing *United States v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017)).

The Court has reviewed the documents at issue. Dkt. Nos. 97, 97-1. The Court finds that sealing the exhibits would serve a compelling interest. *Wagafe v. Biden*, No. 17-CV-00094-LK, 2023 WL 5803613, at *8 (W.D. Wash. Sept. 7, 2023) (sealing law enforcement materials where the materials, if publicly disclosed, "might become a vehicle for improper purposes" (quotation marks omitted)), *clarified on reconsideration in part*, 2024 WL 2407988 (W.D. Wash. May 23, 2024); *Cancino Castellar v. Mayorkas*, No. 17-CV-00491-BAS-AHG, 2021 WL 3678440, at *2 (S.D. Cal. Aug. 19, 2021) (compelling need to keep law enforcement materials under seal where public disclosure would hamper law enforcement's ability to conduct proactive operations). There are no less restrictive means of protecting this sensitive law enforcement information from public disclosure. The Court therefore GRANTS the motion to seal. Dkt. No. 96. The exhibits may remain under seal. Dkt. Nos. 97, 97-1.

Dated this 9th day of April 2025.

Lauren King
United States District Judge